## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KALED M. TAHER,**

               **Plaintiff,**

**v.**                                                              **Case No:   6:19-cv-681-Orl-31GJK**

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY,**

               **Defendant.**

_____

## ORDER

This Matter comes before the Court on the Defendant's Second Motion to Strike the Plaintiff's Response to the Motion for Summary Judgment (Doc. 60). The Court previously struck a nearly identical response from the Plaintiff.[1] A significant portion of one section of the Response, entitled "Florida' substantive case law on unauthorized settlements," is obviously just a verbatim section from Florida Jurisprudence—a secondary source—that was crudely copied and pasted into the document. Technically, it is a single-spaced quote within the parameters of Local Rule 1.05. Some other lengthy single-spaced portions also appear to be quotations, but Counsel has totally disregarded the Bluebook and failed to follow them with citations. The lengthy quotations are not argument; legal rule statements mean little without analysis and application. Plaintiff's counsel's "argument" begins on page 17 of 19, and that contains blocks of single-spaced text that are not quotations.[2]

_____

[1] The previous Response was so poorly formatted that the Court would have had to individually search many lines of text to determine whether they were quotes.

[2] These blocks contain quoted material, but Plaintiff's counsel claims that it is paraphrasing and interjects commentary at various intervals; it is not a permissible single-spaced

Plaintiff's counsel did no significant analysis and instead chose to copy and paste large quotations, including string citations, from various cases and secondary sources. Including so many lengthy and often inapt quotations is, at best, a misguided attempt to violate the spirit of Local Rule 1.05. In an effort to avoid expending more precious judicial resources on the careless submission by Plaintiff's counsel, the Court **DENIES** the Motion to Strike (Doc. 60). Plaintiff's counsel's submission will stand, but will do his client little good. The allowable pages should have contained argument and analysis and synthesis; that is what Plaintiff's counsel was hired to do. Instead, he chose to cram often irrelevant information into the Response, neglecting to give thorough responsive arguments to the Motion for Summary Judgment.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 14, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

block quote under the local rules.