# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KALED M. TAHER,**

      **Plaintiff,**

**v.**                                                        Case No:   6:19-cv-681-Orl-31GJK

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This Matter comes before the Court on the Defendant's Motion for Summary Judgment (Doc. 48), the Plaintiff's Motion for Partial Summary Judgment (Doc. 57), the Responses (Docs. 58 and 61) and the Reply (Doc. 63).

### I. Background

The instant dispute stems from a car accident that occurred in 2017. Prior to the filing of the lawsuit, the assigned GEICO claims adjuster and the assigned case manager from Morgan & Morgan had a telephone conversation during which they agreed to settle for the policy limits. Morgan & Morgan memorialized that settlement in a letter dated January 17, 2019. Doc. 48-2. GEICO responded in writing and sent a check in the amount of $100,000 for the settlement. Months after the settlement, the Plaintiff sued for personal injuries and bad faith. The Court dismissed the bad faith claim. The Defendant now moves for summary judgment based on the settlement agreement. The Plaintiff moves for partial summary judgment on the same issue.

## II. Legal Standards

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

Because settlements are favored by the courts, a court will enforce a settlement agreement where it is possible to do so. *Jarvis v. BMW of N. Am., LLC*, No. 2:14-CV-654-FTM-29CM, 2016 WL 1162324, at *1 (M.D. Fla. Mar. 22, 2016). "[T]he party seeking to compel enforcement of a settlement agreement[ ] must demonstrate that [the] attorney had clear and unequivocal authority to enter into the settlement agreement." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). The enforcement of a settlement is governed by state contract law. *Schwartz v.*

*Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Thus, a binding settlement is created when one party makes an offer and the other accepts it.

### III. Analysis

The Plaintiff argues that, because he did not expressly authorize the settlement or ratify it, the settlement is a nullity. While the Plaintiff did authorize a settlement, he claims that authorization expired in 2018. The Plaintiff concedes that the Morgan & Morgan case manager agreed to settle the case, but he avers that she did so by mistake. The case manager claims that she intended to merely confirm the policy limits had been offered. Essentially, Plaintiff argues that, because his attorney and case manager failed to adequately communicate with him, he should not be bound by the settlement.

GEICO points to the evidence that shows the Plaintiff was copied on communications indicating that GEICO should contact the case manager to negotiate a settlement—the most recent letter was January 9, 2019, a little over a week before the settlement letter of January 17, 2019. There are no written communications showing a withdrawal of previously delegated settlement authority. However, the Plaintiff, his attorney, and the case manager all maintain that the attorney had no authority to settle the case on January 17, 2019. Thus, there remains a genuine issue of material fact as to whether the Plaintiff gave clear and unequivocal authority to settle his case.

### IV. Conclusion

For the foregoing reasons, both Motions for Summary Judgment (Docs. 48 and 57) are **DENIED**. It is further ordered that the trial of this case will be bifurcated. Phase one will ask the jury whether a settlement was reached between the parties. If not, phase two will determine the merits of Plaintiff's claim.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 10, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party